TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-02-00803-CV







All Saints Health System; All Saints Episcopal Hospital/Fort Worth; All Saints Episcopal


Hospital/Cityview; Baptist Health System; Baptist Medical Center; North Central


Baptist Hospital; Northeast Baptist; St. Luke's Baptist; et al., Appellants



v.



Texas Workers' Compensation Commission; State Office of Risk Management;


Continental Casualty Company; Texas Association of School Boards Risk


Management Fund; Mid-Century Insurance Company; Truck Insurance


Exchange; Farmers Insurance Exchange; et al., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. GN201300, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING






D I S S E N T I N G O P I N I O N




 Because the reasoning underlying our resolution of the important issue presented by
this appeal has implications for thousands of claims, and the original opinion unwittingly
complicates the future proceedings in this case and others, I would grant the appellees' motion for
rehearing. The Court's opinion acknowledges the critical procedural posture of this case: The
administrative law judge abated the test cases--while discovery issues were being litigated--because
the Hospitals filed a suit for declaratory judgment. It was this discovery dispute that spawned in part
this litigation.

 The unassailable narrow ground for decision in this case, as appellees correctly
observe, is that rule 134.1(c) requires that reimbursement decisions be governed by the basic
statutory standards set out in Texas Labor Code section 413.011(d). This coincides with what the
Hospitals and the Commission agreed to in the 1997 compromise settlement agreement when the
Hospitals nonsuited and dismissed with prejudice their claims against the Commission. Any finer
parsing of the standard is premature and must await discovery and completed administrative
hearings. Accordingly, I would grant appellees' motion for rehearing to clarify the issues and resolve
this dispute. Because the Court does not, I respectfully dissent.



 

 Jan P. Patterson, Justice

Filed: December 4, 2003